**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EARL K. SHRINER,

      Plaintiff - Appellant,

v.

KAREN ROHLINGS, Warden;
STATE OF WASHINGTON,

      Defendants - Appellees.

No. 08-3048
(D.C. No. 07-CV-03306-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Plaintiff-Appellant Earl K. Shriner, appearing pro se, challenges the district

court's dismissal of his civil rights complaint for failure to state a claim for which

relief can be granted. We have jurisdiction under 28 U.S.C. § 1291. Reviewing

Mr. Shriner's filings liberally,[1] we hold that the district court properly dismissed

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Shriner is proceeding pro se, we review his pleadings and
(continued...)

his claim and, for substantially the same reasons as the district court, **AFFIRM**.

## I. BACKGROUND

In November of 2007, Mr. Shriner, who is incarcerated at the Larned Correctional Mental Health Facility,[2] filed a number of grievances seeking a transfer to a state hospital for a competency evaluation. Mr. Shriner alleged that he had "a mental block" and "other things" he is "not sure of." R., Vol. I, Doc. 1, at 2 (Civil Rights Complaint, filed Dec. 12, 2007). After his grievances were denied, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The district court construed his complaint to allege (1) an Eighth Amendment violation arising from the refusal to transfer him for a medical evaluation, and (2) a deprivation of due process resulting from the failure to evaluate his request for the transfer. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),[3] the district court dismissed Mr. Shriner's complaint for failure to state a claim, finding it was obvious that his claims would fail. Mr. Shriner

---

[1](...continued)
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] The Larned Correctional Mental Health Facility houses the most severely and persistently mentally ill inmates in the Kansas Department of Corrections as well as inmates who have borderline personality disorders and those whose conduct disorders make their placement in another facility inappropriate.

[3] This provision provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

then appealed.

## II. DISCUSSION

We review a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* In reviewing a pro se litigant's complaint, we accept the allegations as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

Regarding Mr. Shriner's Eighth Amendment claim, the district court properly applied *Farmer v. Brennan*, 511 U.S. 825 (1994), and *Perkins*, *supra*, in concluding that Mr. Shriner's complaint did not state an Eighth Amendment violation. Mr. Shriner's allegation that he was denied a transfer for the evaluation of his mental block does not demonstrate "deliberate indifference" to his "sufficiently serious" medical needs. *See Farmer*, 511 U.S. at 834; *Perkins*, 165 F.3d at 811. And a mere disagreement with the treatment offered by medical staff is not enough to establish an Eighth Amendment violation. *See Perkins*, 165 F.3d at 811. Accordingly, Mr. Shriner could not prevail on his Eighth Amendment claim.

Regarding Mr. Shriner's due process claim, the district court properly

3

determined that the failure to transfer does not implicate due process. Although an involuntary transfer to a mental hospital for treatment of a medical problem may implicate due process, a prison official's refusal to transfer an inmate to a hospital on demand does not deprive the inmate of any established liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 479 n.4, 484 (1995). Here, Mr. Shriner is already in a facility designed to treat mental health issues, and the prison's decision not to transfer him to a state hospital should be afforded deference. *See id.* at 482-83. Accordingly, Mr. Shriner could not prevail on a claim that he was denied due process by the denial of his requested transfer to a state hospital.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Shriner's complaint for failure to state a claim.

We also **GRANT** Mr. Shriner's request for leave to proceed without prepayment of the appellate filing fee. Although Mr. Shriner has made partial payments toward his district court filing fee, we remind him of his continuing obligation to make such payments until both his district court and appellate fees have been paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2).

ENTERED FOR THE COURT,


Jerome A. Holmes
Circuit Judge

4